IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KURTERRIOUS WILLIAMS                                          PLAINTIFF

v.                       No. 3:24-cv-227-DPM

NATHANIEL BANKS, Detective; JEFF
HEDGEWOOD, Sheriff; and NEAL
BYRD, Sheriff, Helena-West Helena                             DEFENDANTS

ORDER

Kurterrious Williams has sued Nathaniel Banks—a detective with the Helena-West Helena Police Department—and Sheriff Neal Byrd and Jail Administrator Jeff Hedgewood of the Phillips County Sheriff's Department. He claims they unlawfully arrested and detained him in November 2024. See the Court's earlier Order, *Doc. 7*, for the facts about that arrest. Detective Banks has moved for judgment on the pleadings. *Doc. 16*. Byrd and Hedgewood have joined that motion. *Doc. 19 & 27*. Williams hasn't responded. The Court accepts the pleaded facts as true and draws all reasonable inferences in Williams's favor. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). The Court also takes judicial notice of the state court files in his criminal cases. They are public records.

Before Williams's November 2024 arrest, he had been arrested and detained on separate charges a year earlier, in September 2023.

*State v. Williams*, 54CR-25-15 (Phillips Cnty. Cir. Ct.).* He appeared before Circuit Judge E. Dion Wilson the same day he was arrested. *Doc. 14-2*. At that hearing, Judge Wilson explained Williams's charges, advised him of his rights, appointed him a lawyer, found probable cause for his detention, and set his bond. *Ibid*. Williams posted a bond and was released.

More than a year later, in November 2024, Detective Banks and other officers arrested Williams for allegedly committing new crimes. Williams sat in jail for two days while officers investigated his involvement in the new crimes, which included a murder. He was then released, put back in his regular clothes, and walked out of the jail. *Doc. 4 at 5*. Then the officers "immediately" took him back into custody because, as Williams put it, "I had a bond revocation on me." *Ibid*. Based on his arrest, and violation of several bond conditions, his bail bondsman had revoked his September 2023 bond and surrendered him to Phillips County officers. *Doc. 14-3*. He remained in jail for more than a month without seeing a judge.

As to Williams's September 2023 charges, his due process claim based on no prompt first appearance fails. The same-day turnaround from his arrest to his initial appearance satisfied the Due Process Clause of the Fourteenth Amendment. *Hayes v. Faulkner County*, 388 F.3d 669,

---

* The September 2023 charges were *nolle prossed* in June 2025, after Detective Banks moved for judgment on the pleadings.

-2-

673 (8th Cir. 2004); *see also* Ark. R. Crim. P. 8.1 (requiring an initial appearance "without unnecessary delay"). The appearance was commendably prompt. Williams was not entitled to a prompt *second* appearance after his bond was revoked because—a year earlier— a judicial officer had already explained his charges, advised him of his rights, appointed him a lawyer, and found probable cause for his detention. *Compare Bolden v. State*, 262 Ark. 718, 724, 561 S.W.2d 281, 284 (1978). And under Arkansas law, Williams's bail bondsman was entitled to revoke bail "with or without cause." *Johnson v. Hicks*, 288 Ark. 158, 160, 702 S.W.2d 797, 798 (1986); *see also* Ark. Code Ann. § 16-84-114.

Williams's claims based on his November 2024 arrest and the two-day investigatory detention go forward. Start with the arrest. Getting an arrest warrant from a neutral magistrate usually satisfies the Fourth Amendment's reasonableness requirement—"But not always." *Hartman v. Bowles*, 39 F.4th 544, 546 (8th Cir. 2022). A warrant-based arrest can violate the Fourth Amendment if an officer intentionally or recklessly omitted key facts from his warrant affidavit. *Ibid.* An arrest may also be unlawful if "no reasonably competent officer would have concluded that a warrant should issue." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012) (quotations omitted).

The gist of Williams's complaint is that Detective Banks and others cut corners during their 2024 investigation. For example,

he alleges that they purposefully ignored exculpatory evidence and eventually had to release him. *Doc. 4 at 4–5*. Detective Banks concedes the lack of proof: "After approximately 48 hours, investigators realized they did not have enough information to hold Plaintiff and started the process to release him." *Doc. 17 at 3*. He also notes that Williams was never charged and is no longer a suspect. *Doc. 17 at 5*. It's not yet clear what the officers knew and when they knew it. But construing Williams's *pro se* complaint liberally, it's at least plausible that his November 2024 arrest was objectively unreasonable, notwithstanding the warrant.

It's also plausible that Williams's two-day investigatory detention violated his due process rights. Williams alleges that, on the day he was arrested, his mother gave Detective Banks and others surveillance footage from her house that absolved him of culpability. *Doc. 4 at 4*. Williams says the officers "looked at it and turned right back around out the door." *Ibid*. Then, he says, they held him for two more days. *Doc. 4 at 5*. Accepting Williams's pleaded facts as true — that Detective Banks and others "purposefully ignored evidence suggesting" he "was innocent," thereby "unnecessarily lengthening his detention" — Williams has stated a plausible due process claim. *Hawkins v. Gage County*, 759 F.3d 951, 956–58 (8th Cir. 2014); *see also Amrine v. Brooks*, 522 F.3d 823, 835 (8th Cir. 2008).

Williams's official capacity claims fail, though, because he hasn't identified a municipal policy or custom that was the moving force behind the constitutional injuries he alleges. *Watkins v. City of St. Louis*, 102 F.4th 947, 953 (8th Cir. 2024).

\*   \*   \*

Motion for judgment on the pleadings, *Doc. 16*, partly granted and partly denied.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 June 2025